UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| JB  WILLIAMSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 1:16-cv-00642-SEB-MJD |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

This cause is now before the Court on Defendant's Motion to Dismiss, or in the alternative, for Summary Judgment [Docket No. 9], filed on July 11, 2016, pursuant to Federal Rules of Civil Procedure 12(b)(6) and 56, respectively. Plaintiff JB Williamson filed this lawsuit against Defendant United States of America alleging a claim under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2401. For the reasons detailed below, we GRANT Defendant's Motion for Summary Judgment.

**Factual and Procedural Background**

On August 16, 2011, Williamson underwent a total left hip replacement at a facility operated by the United States Department of Veteran Affairs (the "VA"). During a follow-up appointment on January 6, 2012, Williamson complained of pain in his left leg, and X-rays revealed that he had what is referred to as a "heterotopic bone."[1] *See*

---

[1] Heterotopia is "the formation of tissue in a part where its presence is abnormal." *Heterotopia Definition,* DICTIONARY.COM, http://www.dictionary.com/browse/heterotopia?s=t (last visited Feb. 17, 2017).

Def.'s Br. at 2. Williamson received revision surgery on February 2, 2012 to resolve the femoral stem loosening causing him pain, and on February 14, 2012, he filed his first Notice of Tort Claim with the VA claiming that he had been in pain ever since his August 16, 2011 surgery and that he was being offered a "corrected" surgery. *See* Def.'s Br. at 2-3; Docket No. 9-1 at 2; Docket No. 9-10.

During a post-operative appointment on February 17, 2012, X-rays were taken of Williamson's left leg which revealed something deemed "suspicious." *See* Def.'s Br. at 2-3. As a result, more X-rays and a femoral CT scan were performed later that day, which disclosed a possible femoral fracture. *See* Def.'s Br. at 3. On February 24, 2012, Williamson was informed that he had sustained a femoral fracture apparently as a result of his hip surgery. *See* Pl.'s Br. Resp. at 1, 7. On February 28, 2012, Williamson filed a second Notice of Tort Claim regarding this femoral fracture. *See* Def.'s Br. at 3; Docket No. 9-12 at 1.

On August 3, 2012, the VA denied both his February 14 and February 28, 2012 tort claims, and Williamson took no further action on either claim. *See* Def.'s Br. at 3; Docket No. 9-11; Docket No. 9-13.

Eighteen months later, on February 24, 2014, Williamson filed the Notice of Tort Claim now in dispute, alleging that both of his surgeries were not performed correctly. *See* Def.'s Br. at 3; Docket No. 9-14. The VA denied this claim on September 22, 2015, and Williamson filed this lawsuit on March 22, 2016. *See* Def.'s Br. at 4; Docket No. 9-15; Docket No. 1.

## Legal Standard

Defendant has submitted materials outside the pleadings that are germane to our discussion, and both parties have addressed the summary judgment standard in their briefing; therefore, pursuant to Fed. R. Civ. P. 12(d), we treat Defendant's motion as a motion for summary judgment.

Summary judgment is appropriate when the record shows that there is "no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Disputes concerning material facts are genuine where the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In deciding whether genuine issues of material fact exist, the court construes all facts in a light most favorable to the non-moving party and draws all reasonable inferences in favor of the non-moving party. *See id.* at 255. However, neither the "mere existence of some alleged factual dispute between the parties," *id.* 477 U.S. at 247, nor the existence of "some metaphysical doubt as to the material facts," *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986), will defeat a motion for summary judgment. *Michas v. Health Cost Controls of Illinois, Inc.*, 209 F.3d 687, 692 (7th Cir. 2000).

## Discussion

Defendant raises two arguments in support of the motion now before us: (1) that Williamson did not timely file the February 24, 2014 tort claim within the two-year

statutory window which ended on February 17, 2014, and (2) that the February 24, 2014

tort claim is nothing more than an attempt to resurrect the February 14 and February 28,

2012 tort claims, which were denied by the VA but never appealed in a lawsuit. We

discuss these issues in turn below.

## I.      Untimely filing of February 24, 2014 Notice of Tort Claim

Plaintiff brought this action against Defendant pursuant to the FTCA, 28 U.S.C. §

2401(b). The FTCA is a limited waiver of sovereign immunity that subjects the federal

government to liability for certain torts committed by federal employees acting within the

scope of their employment. 28 U.S.C. §§ 2671-2680; *United States v. Orleans*, 425 U.S.

807, 9 S.Ct. 1971, 48 L.Ed.2d 390 (1976). The FTCA, however, limits this waiver of

immunity by providing strict timelines for the filing of such claims:

> [a] tort claim against the United States shall be forever barred
> unless it is presented in writing to the appropriate Federal
> agency within two years after such claim accrues or unless
> action is begun within six months after the date of mailing, by
> certified or registered mail, of notice of final denial of the claim
> by the agency to which it was presented.

28 U.S.C. § 2401(b).

A claim accrues when a plaintiff has "knowledge of the injury and that the

defendant or an employee of the defendant acting within the scope of his or her

employment may have caused the injury." *Arteaga v. United States*, 711 F.3d 828, 831

(7th Cir. 2013) (citing *Arroyo v. United States*, 656 F.3d 663, 668-69 (7th Cir. 2011);

*Massey v. United States*, 312 F.3d 272, 276-77 (7th Cir. 2002); *Skwira v. United States*,

344 F.3d 64, 74 (1st Cir. 2003)). However, "complete knowledge of the cause of …

injury" is not required to start the clock; it begins running "'either when the government cause is known or when a reasonably diligent person (in the tort claimant's position) reacting to *any suspicious circumstances* of which he might have been aware would have discovered the government cause—whichever comes first.'" *Arroyo v. United States*, 656 F.3d 663, 669 (7th Cir. 2011) (quoting *Drazan v. United States*, 762 F.2d 56, 59 (7th Cir. 1985) (emphasis added)).

Defendant contends that Williamson's February 24, 2014 tort claim is untimely because it accrued no later than February 17, 2012, when he learned "he had likely incurred a femoral facture [sic] during his February 2, 2012 surgery." *See* Def.'s Br. at 6. Both the Defendant's and Plaintiff's briefs state that on February 17, 2012, Williamson's X-rays turned up "suspicious" indicators of a femoral fracture. Williamson counters that his claim did not accrue until February 24, 2012, when his femoral fracture was confirmed and reported to him. *See* Def.'s Br. at 3; Pl.'s Br. Resp. 1.

While it is clear that the fracture became definitively known on February 24, 2012, there remain genuinely disputable facts as to whether the X-rays taken on February 17, 2012, provided Williamson with enough notice to raise a suspicion that he had suffered an injury that would trigger his accrual period. Regardless, because we hold below that Williamson's February 14, 2014 tort claim is duplicative of his previously-filed claims, we need not determine the precise date on which the two-year accrual period began.

## II.    Resurrection of Williamson's Previous Tort Claims

Defendant has also moved for summary judgment on grounds that: (1) the current claim is duplicative of Plaintiff's February 14 and February 28, 2012 tort claims, which

were not timely appealed, s*ee* Def.'s Br. at 6; and (2) he cannot resurrect previous tort

claims by subsequently filing a duplicative claim.

Pursuant to the FTCA, "a suit must be filed within six months of a denial of the

claim by the federal agency charged with a tort," *Charlton v. United States*, 743 F.2d 557,

558 (7th Cir. 1984) (citing 28 U.S.C. § 2401(b)), and "failure to file within six months of

the denial divests the federal district court of jurisdiction." *Charlton,* 743 F.2d at 558

(citing *Stewart v. United States*, 655 F.2d 741 (7th Cir. 1981); *Best Bearings Co. v.

United States*, 463 F.2d 1177 (7th Cir. 1972)). Based on the August 3, 2012 denials from

the VA with regard to his February 14 and February 28, 2012 tort claims, Williamson's

filing deadline in the district court was six months thereafter, on April 3, 2013. *See* Def.'s

Br. at 3. Defendant argues that because Williamson failed to timely file suit in this Court

to challenge the denial of his previous claims, he is now barred from proceeding on the

February 24, 2014 tort claim because it seeks redress for the same claims and is therefore

duplicative. *See* Def.'s Br. at 6-7.

Defendant relies on *Roman-Cancel v. United States*, 613 F.3d 37 (1st Cir. 2010),

which holds that a later-filed tort claim cannot resurrect previously denied tort claims that

were not appealed. Though the Seventh Circuit has not yet directly addressed this issue,

"we give most respectful consideration to the decisions of the other courts of appeals and

follow them whenever we can." *Colby v. J.C. Penny Co.*, 811 F.2d 1119, 1123 (7th Cir.

1987) (citing *Richards v. Local 134, Int'l Brotherhood of Electrical Workers*, 790 F.2d

633, 636 (7th Cir. 1986)). Pursuant to *Roman-Cancel*'s test for duplicative FTCA claims,

the Court "can regard the second [duplicative] claim in one of two ways: as either an

attempt to re-file the original claim or an attempt to have the agency reconsider its disposition of the original claim." 613 F.3d at 42.

If Plaintiff's February 24, 2014 tort claim is viewed as an attempt to re-file his previous claims, the FTCA timelines remain in place with regard to the originally-filed claims and do not restart simply because a new claim has been made. *Id*. Accordingly, Williamson's deadlines for the February 14 and February 28, 2012 tort claims would have expired on April 3, 2013, making an attempted re-file impossible. Alternatively, a duplicative claim may be viewed as a request for the VA to reconsider its decision. *Id.* at 42-43. This, though, requires that the claims be filed with the VA within six months of their denial, based on the guidelines established by 28 U.S.C. § 2401(b). *Id*. at 43. Thus, under either view, Plaintiff's February 14 and February 28, 2012 tort claims had a reconsideration deadline of April 3, 2013—a deadline Williamson did not meet. *See* Def.'s Br. at 3.

Williamson rejoins that the February 24, 2014 tort claim is not duplicative because it differs in material fashion from the first two tort claims, stating that the claim in this litigation concerns post-operative care whereas the former concerned his two surgeries. Defendant rejects this distinction, stating that post-operative care was part of the rejected February 28, 2012 claim. *See* Def.'s Reply at 1.

When reviewing the record, Plaintiff's purported distinction is not apparent:

1.  From the "Basis of Claim" portion of his complaint on February 14, 2012[2]:

---

[2] Transcribed as accurately as possible.

> During sergure [sic] Dr. Meldrum stated he countered a condition that he evidently wasnt [sic] prepared to deal. Some with bone. Leave condition knowing the parallices [sic] it would cause. Put the hip inplant [sic] knowing the parallics [sic] cause sent me home. Like it was all good. For next 6 months nothing but pain and suffering. When I couldnt [sic] in dure [sic] pain as [sic] him for strong med. to combat pain, He offer corrected surgary I want to get well.

Docket No. 9-10.

2. From the "Basis of Claim" portion of his complaint on February 28, 2012[3]:

> Due to over tighten [sic] of replacement hip parts did cause thigh bone [unknown] spintter [sic] [unknown] causing abundance pain and suffer left to see [unknown] will fill crack in thigh bone.

Docket No. 9-12 at 1.

3. From the "Basis of Claim" portion of his complaint on February 24, 2014:

> *I went into surgery twice, and they did not do it right*. I am not a doctor or nurse, and I don't know everything a doctor or nurse is supposed to do. However, I believe *they did not do my surgeries right*, they did not tell me things that could go wrong, or what could be done differently.

Docket No. 1-1 at 2 (emphasis added).

Contrary to Plaintiff's current argument, his February 24, 2014 tort claim makes no mention of his post-operative care. Rather, Williamson's own statements clearly indicate that all three claims allege wrongdoing during his surgeries. Therefore, Williamson's February 24, 2014 claim is not independent from the two previously-filed claims and is simply an untimely attempt to re-file those claims.

---

[3] Transcribed as accurately as possible.

8

## **Conclusion**

By failing to timely file suit within six months of the VA's denial on his February

14 and February 28, 2012 tort claims, Williamson failed to satisfy the statutory

requirements of 28 U.S.C. § 2401(b), thereby divesting this court of jurisdiction to hear

them. Because his February 24, 2014 claim is materially duplicative of those prior claims,

we also lack jurisdiction to hear this appeal. For this reason, we <u>GRANT</u> Defendant's

Motion for Summary Judgment [Docket No. 9]. Final Judgment shall enter accordingly.


IT IS SO ORDERED.



Date:   __02/24/2017__                    _Sarah Evans Barker_____

                                 SARAH EVANS BARKER, JUDGE
                                 United States District Court
                                 Southern District of Indiana

Distribution:

Robert M. Oakley
DILLEY & OAKLEY PC
firm@dilley-oakley.com

Daniel Kyle Dilley
DILLEY & OAKLEY, P.C.
d.dilley@dilley-oakley.com

Jill Z. Julian
UNITED STATES ATTORNEY'S OFFICE
jill.julian@usdoj.gov

Kathryn E. Olivier
UNITED STATES ATTORNEY'S OFFICE
kathryn.olivier@usdoj.gov